## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No.: 3:22-cv-00217

| | | |
|---|---|---|
| **JESSICA A. BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| **AMERICAN & EFIRD, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

Plaintiff, Jessica A. Baker ("Plaintiff" or "Baker"), by and through counsel, brings this action for violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, against Defendant American & Efird, LLC ("Defendant").

### THE PARTIES

1.     Baker is an adult individual who is a resident of Mount Holly, North Carolina.

2.     Defendant is a limited liability company formed under the laws of Delaware and registered and in good standing in the State of North Carolina, with its principal office located at 22 American Street, Mount Holly, North Carolina.

### JURISDICTION AND VENUE

3.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 over the subject matter of the claims brought under the FMLA for unlawful interference and retaliation.

4.     This Court has personal jurisdiction because Defendant conducts substantial business in Gaston County, North Carolina, which is located within this judicial district.

5. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Gaston County located within this judicial district.

6. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

7. Defendant employed at least fifty (50) employees at all relevant times.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. At all times hereinafter mentioned, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2), meaning that Defendant employed her for at least 12 months and she performed at least 1250 hours of service with Defendant during the 12-month period preceding the termination of her employment.

## PLAINTIFF'S FACTUAL ALLEGATIONS

10. Defendant is a manufacturer and distributor of premium quality industrial and consumer sewing thread, embroidery thread, and technical textiles.

11. Baker began her employment with Defendant on or about September 17, 2019 and held the role of Dye Technician at Defendant's Plant 15 in Mount Holly, North Carolina.

12. At all times Baker met or exceeded Defendant's legitimate employment expectations. Baker received positive performance reviews during her employment and had no disciplinary action taken against her until she attempted to exercise her rights under the FMLA to care for her mother.

13.     In or about early February 2022, Baker's mother required surgery to remove a rare cancer of the tongue and mouth.  Baker's mother required Baker to care for her while recovering from the surgery.

14.     On or about February 21, 2022, Baker's mother was released from the hospital. Baker informed her supervisor, Kevin Meeler ("Meeler"), that she would need leave to take care of her mother.  Meeler advised Plaintiff to use FMLA leave to take care of Baker's mother.  Baker told Meeler she would use FMLA leave beginning March 3, 2022.

15.     On or about March 2, 2022, Baker sent a text message to Meeler reminding him that Baker would be using FMLA leave to care for her mother.

16.     On or about March 3, 2022, Baker received FMLA certification paperwork from Defendant's Human Resources Department.  Baker provided the FMLA certification paperwork to her mother's health care provider ("The Health Care Provider") to be completed and returned to Defendant.

17.     On or about March 4, 2022, Meeler sent Baker a text message stating, "no paperwork."  Baker responded, "It's getting filled out, I just came and got it yesterday."  Later in the day, Baker telephoned Alexis Solis ("Solis"), Defendant's Human Resources Representative, and informed her that The Health Care Provider had the FMLA certification paperwork and would send it when completed.  Baker asked Solis to let her know when she received the FMLA paperwork.

18.     On or about March 7, 2022, Meeler sent a text message to Baker stating, "no paperwork."  Baker responded that she would contact The Health Care Provider.

19.     Baker telephoned The Health Care Provider about the paperwork.  The Health Care Provider stated they "started filling out the paperwork around 5:00 p.m. Friday but would complete

and send the paperwork today (March 7, 2022)." Baker sent a text message to Meeler informing him about the status of her FMLA paperwork.

20.     On or about March 8, 2022, Meeler again sent Baker a text message stating "no paperwork." Baker called The Health Care Provider regarding the status of the FMLA certification paperwork. The Health Care Provider informed Baker that "the person who does the FMLA paperwork was not there and would be back the following day." The Health Care Provider told Baker the paperwork would be completed the next day and would be sent to Defendant.

21.     On or about March 9, 2022, Meeler sent Baker a text message stating "no paperwork yet." Meeler sent the text message at 4:07 p.m. Baker was not able to contact The Health Care Provider before it closed for the day due to attending a follow-up visit with her mother's neurosurgeon in Winston-Salem. Baker sent a text message to Meeler letting him know she will investigate the paperwork tomorrow and let him know.

22.     On or about March 10, 2022, Baker visited The Health Care Provider to investigate the status of the FMLA certification paperwork. The Health Care Provider informed Baker they lost her FMLA certification paperwork. Baker immediately telephoned Solis and requested new FMLA certification paperwork be sent to The Health Care Provider. Solis responded she would send new FMLA certification paperwork to The Health Care Provider.

23.     On or about March 10, 2022, Meeler sent Baker a text message stating "Wesley [ Defendant's Human Resources Representative] has just informed me that you must call in before shift starts otherwise it can be counted as unexcused absence. Any questions please call Wesley."

24.     On or about March 14, 2022, Defendant terminated Baker's employment but did not inform Baker.

25.    On or about March 18, 2022, Baker telephoned Solis and asked if she received the FMLA certification paperwork.  Solis confirmed Defendant received the FMLA paperwork, however, Wesley (last name unknown) needed to speak with Baker.  Wesley told Baker that Meeler submitted termination paperwork on March 10, 2022, and that her employment was terminated March 14, 2022.  Baker told Wesley the FMLA certification paperwork allowed a health care provider fifteen (15) days to complete and submit the paperwork.  Wesley confirmed the paperwork provides fifteen days to complete and submit the paperwork, but stated "Meeler did not believe you were coming back."

26.    Defendant refused to rescind Baker's termination despite failing to provide her with the statutory time period allotted to complete her FMLA paperwork.

27.    Defendant terminated Baker's employment in violation of the FMLA.

28.    Defendants' actions were intentional, willful, and reckless.

**Plaintiff's First Cause of Action**
**(Violation of FMLA - Interference)**

29.    Plaintiff incorporates by reference paragraphs 1 through 28 of her Complaint.

30.    Plaintiff's First Cause of Action arises from Defendant's interference with Plaintiff's rights under the FMLA and unlawful termination of Plaintiff's employment because she attempted to utilize protected FMLA leave.

31.    Defendant's actions were intentional, willful and/or taken with reckless disregard of Plaintiff's rights under the FMLA.

32.    Plaintiff suffered damages as a result of Defendant's unlawful conduct.

### Plaintiff's Second Cause of Action
### (Violation of FMLA – Retaliation)

33.     Plaintiff incorporates by reference paragraphs 1 through 32 of her Complaint.

34.     Plaintiff's Second Cause of Action arises from Defendants' unlawful termination of Plaintiff's employment because she attempted to utilize protected FMLA leave.

35.     Defendant's actions were intentional, willful and/or taken with reckless disregard of Plaintiff's rights under the FMLA.

36.     Plaintiff suffered damages as a result of Defendant's unlawful conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a)      An Order pursuant to the FMLA that Defendant reinstate Plaintiff to the position she held prior to the termination of her employment or to a comparable position with full seniority, benefits and wages, or pay front pay to Plaintiff in lieu thereof;

b)      An Order pursuant to the FMLA that Defendant pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendant's unlawful actions;

c)      An Order Pursuant to the FMLA that Defendant pay Plaintiff liquidated damages;

d)      An Order pursuant to the FMLA ordering Defendant to pay Plaintiff punitive damages;

e)      An Order pursuant to the FMLA ordering Defendant to pay Plaintiff all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

f)      Order Defendant to pay to Plaintiff pre- and post-judgment interest on all sums recoverable; and

g)    Order Defendant to provide Plaintiff with all other legal and/or equitable relief to

which she is entitled.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury for all issues of fact.


Dated: May 16, 2022.

Respectfully submitted,


/s/ Corey M. Stanton
Philip J. Gibbons, NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, NC 28277
Telephone: (704) 612-0038
Facsimile: (704) 612-0038
Email: phil@gibbonslg.com
          corey@gibbonslg.com

*Attorneys for Plaintiff*